# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0174-001-CVE |
| | ) | |
| RONALD EVERETT SPIVEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the government's Motion to Continue Jury Trial (Dkt. # 35). On September 5, 2013, the grand jury returned an indictment (Dkt. # 2) charging defendant Ronald Everett Spivey, Jr. with attempted coercion and enticement of a minor, attempted sex trafficking of a child, and interstate trafficking and racketeering. On November 5, 2013, the grand jury returned a superseding indictment (Dkt. # 32) charging defendant with an additional count of conspiracy in violation 18 U.S.C. § 371. If defendant is convicted of attempted coercion and enticement of a minor or attempted sex trafficking of a child, he faces a mandatory minimum sentence of ten years and a possible maximum sentence of life. 18 U.S.C. §§ 1591, 2422. This case is set for jury trial on November 18, 2013. The government asks the Court to continue the jury trial until January 2014, because the investigation into the alleged conspiracy is ongoing and the government is continuing to receive updated discovery from the Oklahoma City Police Department and other law enforcement agencies disclosing additional acts committed in furtherance of the conspiracy. Defendant has executed a written speedy trial waiver. Dkt. # 36. Defendant does not oppose the government's request for a continuance. Dkt. # 35, at 1.

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has considered the government's motion for a continuance and finds that the request for a continuance is reasonable. The grand jury has returned a superseding indictment (Dkt. # 32) adding a conspiracy charge against defendant, and the government is continuing to receive updated discovery about this charge. Counsel for both parties will require additional time to review the updated discovery. The government has also advised the Court that defense counsel has two matters set for trial in December, and defense counsel believes that both cases are likely to go to trial. Dkt. # 35, at 2. Considering all of these factors and the severity of the charges against defendant, the Court finds that the trial of this matter should be continued to the January 2014 jury trial docket. In addition to the interests of the parties, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the government's Motion to Continue Jury Trial (Dkt. # 35) is **granted**. The jury trial set for November 18, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | December 5, 2013 |
| Responses due: | December 19, 2013 |
| **PT/CP/Motions Hearing:** | **January 9, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | January 13, 2014 |
| **Jury Trial:** | **January 21, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between November 18, 2013 and January 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 7th day of November, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3